UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA,

        v.

DAVID A. STOCKMAN, J. MICHAEL STEPP,
DAVID R. COSGROVE, & PAUL C. BARNABA

        Defendants.
----------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/08

07 Cr. 220 (BSJ)

**Order**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

    The Court has reviewed in camera (1) the final Audit Committee Report relating to the 2005 Audit Committee Investigation and (2) the Investigation Work Plan generated by Davis Polk & Wardwell as an outline for the 2005 Investigation. The Court finds that these documents are not discoverable either as Brady material or as documents material to preparing the defense. Specifically, these documents contain nothing that will play an important role in uncovering admissible evidence, aid in witness preparation, provide corroborating testimony, or assist in impeachment or rebuttal. See United States v. Stein, 488 F. Supp. 2d 350, 356-57 (S.D.N.Y. 2007) (stating that the materiality standard of Rule 16 is met "as long as there is a strong indication" that the evidence will "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal").

1

The Court continues its in camera review of the forty-two memoranda that contain statements from thirty-two prospective government witnesses, some of whom were interviewed more than once. Leaving aside the possibility that they may contain exculpatory material that has not as of yet been discerned by the Court, these memoranda are ultimately discoverable as 3500 material and the Government has agreed, as is the custom in this District, that it will turn over these statements in advance of trial. The Defendants argue that this Court should order the Government to produce these statements now in order to facilitate their continuing review of over eleven million pages of discovery already turned over by the Government. They make this request because the sheer volume of discovery as well as technical problems in its production have made it impossible for able counsel to complete their review as of August 25, 2008. They believe that production of the Government's witnesses' statements will save both time and money by aiding them to streamline their remaining review of discovery. I am not certain that early discovery of the 3500 material will speed up the Defendants' review of discovery, but even so, I do not have the authority to order the Government to turn over its 3500 material before the statute requires it. See United States v. Percevault, 490 F.2d 126, 132 (2d Cir. 1974) (holding that "the government cannot be compelled to disclose statements of

prospective witnesses prior to the time prescribed by the Jencks Act").

I am directing the Government to advise the Court and counsel on or before October 14, 2008 of the dates prior to the May 4, 2009 trial date by which they will produce all 3500 material as well as an exhibit list. See United States v. Vilar, 530 F. Supp. 2d 616, 639 (S.D.N.Y. 2008) (finding that "while no statute or rule specifically mandates disclosure of an exhibit list," it is "reasonable . . . to order production of the Government's exhibit list prior to trial"); United States v. Chalmers, 474 F. Supp. 2d 555, 572 (S.D.N.Y. 2007) (granting defendants' request for pre-trial disclosure of the Government's exhibit list "given the large volume of documents" involved in the case). Because of the unique circumstances of this case, I also urge the Government to schedule its production of the 3500 material well in advance of trial so that defense counsel will have sufficient time to prepare.

All parties are further directed to submit letters to the Court with any issues they wish to raise at the October 15, 2008 conference on or before October 14, 2008. The Court will expect to hear from defense counsel as to their progress in reviewing the discovery.

SO ORDERED:

*[signature]*
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         October 7, 2008